UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUSTIN HUGHES,
    Plaintiff,

v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA a/b/a, CIGNA
GROUP INSURANCE
    Defendant.

C.A. No. 18-386-JJM-LDA

## ORDER

Plaintiff Justin Hughes moves for the Court to determine that *de novo* review is the proper standard of review in this case. ECF No. 15. For the reasons below, the Court GRANTS Mr. Hughes's Motion for *De Novo* Review.

I.    BACKGROUND

For ten years before his disability, Mr. Hughes was a client manager for Fidelity Investments. ECF No. 1 at 2. Mr. Hughes is totally disabled because he "suffers from reflex sympathetic dystrophy syndrome, inflammatory arthritis, and gout." ECF No. 1 at 3. Mr. Hughes has sued Life Insurance Company of North America ("LINA") in an ERISA action to recover long-term disability benefit payments under an employee welfare benefit plan ("Fidelity Plan") set up by FMR Corporation ("Fidelity"). LINA insured long-term disability benefits under the Fidelity Plan and served as the Claim Administrator. Mr. Hughes now moves for this Court to consider his denial of long-term disability benefits under a *de novo* standard

of review. ECF. No. 15. Mr. Hughes contends that the Fidelity Plan does not bestow discretionary authority to LINA and so the Court should review his claim *de novo*. LINA contends the opposite, arguing that the grant of discretionary authority is sufficiently clear in the Fidelity Plan's language.

## II. STANDARD OF REVIEW

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). A grant of discretionary decision-making authority in an ERISA plan is found if the terms unambiguously show the claims administrator has discretion to determine whether benefits are due in a particular instance and to construe the terms of the plan. *Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc.*, 813 F.3d 420, 428 (1st Cir. 2016). Similarly, a named fiduciary may only claim discretionary authority if the "[p]lan's language...clearly grant this authority." *Rodriguez-Lopez v. Triple-S Vida, Inc.*, 850 F.3d 14, 22 (1st Cir. 2017).

The First Circuit has set forth the proper analysis that district courts should follow in determining if an ERISA-regulated health plan confers discretionary decision-making authority. *See Stephanie C.*, 813 F.3d at 420. In *Stephanie C.*, the First Circuit considered and rejected Blue Cross Blue Shield's ("BCBS") argument that the power to decide implied the existence of discretion to call for a deferential review of an action to recover long-term disability benefit payments. *Id.* at 428. The

2

language of the policy provided that BCBS "decides which health care services and supplies that you receive (or are planning to receive) are medically necessary and appropriate for coverage." *Id.* The First Circuit held that the plan's language was insufficient to bestow discretionary authority as "the 'BCBS decides' language falls well short of what is needed for a clear grant of discretionary authority" and the "language merely restates the obvious: that no benefits will be paid if BCBS determines they are not due." *Id.* Further, the First Circuit mandates that the existence of discretion in the plan must be unambiguous and specific. *See id.* ("The short of it is that a grant of discretionary decisionmaking authority in an ERISA plan must be couched in terms that *unambiguously* indicate that the claims administration has discretion to construe the terms of the plan and determine whether benefits are due in particular instances.")

III. DISCUSSION

The Court focuses its analysis on whether the terms of the Fidelity Plan clearly and unambiguously bestow discretionary authority on LINA. If the Court finds discretionary authority lacking, then the Court need not reach the merits of the parties' other arguments.

Here, the Fidelity Plan states, "The Plan Administrator has appointed the Insurance Company as the named fiduciary for deciding claims for benefits under the Plan, and for deciding any appeals of denied claims." ECF No. 16-1 at 36. LINA contends that this language bestows discretionary authority because it shows its discretion to determine claims and decide appeals and it is therefore entitled to

3

discretionary review. ECF No. 17-1 at 2. However, the language on which LINA relies only states that it has the power to decide benefits and appeals. The First Circuit instructs that the power to decide does not bestow discretion. *Stephanie C.*, 813 F.3d at 428. The court rejected the argument that the power to decide necessarily implies the existence of discretion.

LINA tries to distinguish *Stephanie C.* and contends that "decid[ing] claims for benefits" confers enough discretionary authority to distinguish it from the ability to "decide[] which health care services and supplies that you receive," the language in *Stephanie C.*. *Id.* However, both here and in *Stephanie C.*, the insurer relies on specific language on the power to decide, and that is insufficient to constitute a clear grant of discretionary decision-making authority. *Id.*; *see also Doe v. Blue Cross & Blue Shield of Rhode Island*, No. 15-cv-41-M-LDA, 2016 WL 4223331, at *2 (D.R.I. Aug. 9, 2016) (holding that insurer's power to decide benefits and eligibility for benefits was not enough to grant discretionary authority).

## IV. CONCLUSION

Because the Fidelity Plan does not unambiguously indicate the claims administrator has discretion to construe the terms of the plan and determine whether benefits are due in a particular instance, the Court finds that LINA lacked discretionary authority and the Court must use the default standard of review, *de novo*. Thus, Mr. Hughes' Motion for *De Novo* Review is GRANTED. ECF No. 15

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
John J. McConnell, Jr.
United States District Judge

June 28, 2019